```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
--------------------------------------
EKREM SEJDIJA,

                Plaintiff,        22-cv-4487 (JGK)

    - against -             MEMORANDUM OPINION
                                             AND ORDER
FIRST QUALITY MAINTENANCE, L.P., ET
AL.,

                Defendants.
--------------------------------------

JOHN G. KOELTL, District Judge:

    The plaintiff, Ekrem Sejdija, brought this action against the defendants, First Quality Maintenance, L.P. ("FQM"), Alliance Building Services, LLC ("ABS"), and VBG 990 AOA LLC ("VBG") seeking alleged unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 et seq., and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq.

    In a Memorandum Opinion and Order dated February 17, 2023, this Court granted the defendants' motion to compel arbitration of certain predicate issues, but otherwise denied the defendants' motion to dismiss the plaintiff's statutory claims, and stayed the case pending arbitration. The plaintiff now moves for reconsideration of that Memorandum Opinion and Order. For the following reasons, the plaintiff's motion for reconsideration is **denied.**

I.

The Court assumes familiarity with the facts of this case, which are set out in detail in the prior Opinion. See Sejdija v. First Quality Maintenance, L.P., No. 22-cv-4487, 2023 WL 2118029, at *1-2 (S.D.NY. Feb. 17, 2023) (the "Opinion").

II.

Reconsideration of a previous Opinion of the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011).[1] To succeed on a motion for reconsideration, the movant carries a heavy burden. The movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dept of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). "A motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced." Liberty Media Corp. v. Vivendi Universal S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012). Moreover, the "decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v.

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

The Money Store, No. 03-cv-2876, 2014 WL 1673375, at *1 (S.D.N.Y. Apr. 28, 2014).

### III.

The plaintiff largely reasserts the same arguments that have already been made on the motion to dismiss in this case.[2] First, the plaintiff argues that calculating the plaintiff's overtime hours worked does not require interpretation of the Apartment Building Agreement ("ABA") because the definition of hours worked is provided for by the FLSA, which "cannot be overridden by private agreement or parties." Pl.'s Memo., ECF No. 27, at 2. However, this argument was already considered and dismissed in the Opinion, which found that the issue of whether certain hours worked "are properly considered overtime hours is . . . governed by the terms of the ABA," which provided that if the plaintiff were required "to perform other than emergency work on his days off, [the plaintiff] shall receive . . . a

---

[2] The plaintiff also asks for "clarification" of the application of the clear and unmistakable standard, which requires that collective bargaining agreements must clearly and unmistakably waive an employee's right to pursue statutory claims in federal court. The clear and unmistakable standard applies only when a party is being forced to arbitrate statutory claims that could otherwise be heard in federal court. In this case, the clear and unmistakable standard does not apply because the parties agree that the plaintiff's FLSA and NYLL claims "do not need to be arbitrated," and that the plaintiff is free to pursue these claims in federal court once the threshold issues of contract interpretation have been arbitrated. Sejdija, 2023 WL 2118029, at *4; see also Lawrence v. Sol G. Atlas Realty Co., 841 F.3d 81, 83 (2d Cir. 2016).

3

day's pay at the time and one-half rate." Sejdija, 2023 WL 2118029, at *4. And, because "[t]he ABA does not define or otherwise reference what constitutes emergency work," determining whether the plaintiff performed emergency work during his overtime hours required interpretation of the ABA, and thus must be arbitrated. Id. The plaintiff does not indicate any intervening changes of law, new evidence, or clear error that would call into question this determination, and is instead merely displeased with that decision. However, "a motion for reconsideration is not a substitute for appeal and may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision." Davidson v. Scully, 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001). Neither is present here.

Next, the plaintiff argues that the ABA only allows statutory wage-and-hours claims to be stayed in order to facilitate mediation, but not to facilitate arbitration. This argument was not raised on the motion to dismiss in this case, and "[a] motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced." Liberty Media Corp., 861 F. Supp. 2d at 265. In any event, the argument is unpersuasive. The plaintiff cites this provision of the ABA for the proposition that the case cannot be stayed pending arbitration:

4

> In the event that Employee(s) initiate litigation in a judicial forum on their wage and hour claims without first submitting to the mediation process described in this section . . . the Employer shall not seek dismissal of the judicial action but may seek to have the action stayed pending the completion of the mediation provided for herein.

ABA at art. XIX, § 47. But this section of the ABA is inapposite because it provides only that, in the event that an employee litigates a statutory wage-and-hours claims without attempting first to mediate the issue, an employer may stay that litigation in an effort to mediate. Because the parties in this case have already engaged unsuccessfully in mediation, the provision no longer has any import. Moreover, this provision was already considered in the Opinion, which concluded similarly that it allows "a plaintiff bringing a wage-and-hours claim [to] seek relief in a judicial forum [if] the plaintiff engages first in mediation before seeking such relief." Sejdija, 2023 WL 2118029, at *6. In any event, the power to stay these proceedings does not arise from the terms of the ABA, but instead "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 255 (1936). Accordingly, "the decision whether to issue a stay is firmly within a district court's discretion." LaSala v. Needham & Co., Inc., 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005).

Finally, the plaintiff urges that the prior Opinion should be reconsidered in light of its alleged misconstruction of and improper reliance on Vadino v. A. Valey Eng'rs, 903 F.2d 253 (3d Cir. 1990). However, the Opinion only cites Vadino a single time, and that case played only a minor role in the analysis. In any event, any reliance on Vadino is not misplaced. Vadino reasoned persuasively that threshold disputes governed by mandatory arbitration clauses in statutory wage-and-hours claims must be arbitrated before the statutory claims could proceed in a judicial forum. Vadino, 903 F.2d at 266. The minor factual difference that the arbitrable threshold issue in Vadino concerned the employee's hourly rate of pay instead of the number of hours that the employee worked is immaterial to Vadino's ultimate holding that "an employee cannot circumvent the necessity of complying with the LMRA procedure to get a determination of his or her right to the wages claimed." Id. Accordingly, this basis for reconsideration is unpersuasive.

**CONCLUSION**

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the

6

plaintiff's motion for reconsideration is **denied.** The Clerk is directed to close all pending motions.

**SO ORDERED.**

**Dated:**  New York, New York
March 21, 2023

_____
John G. Koeltl
United States District Judge